IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JASON LEE RODI<br><br>  Plaintiff<br><br>v.<br><br>WARDEN LINDA GETER<br><br>  Defendant | § <br> § <br> § <br> § <br> §    Case No. 5:20-cv-00026-RWS-CMC <br> § <br> § <br> § <br> § |

**ORDER**

  Jason Lee Rodi, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1.

  The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied. Docket No. 3 at 4. Petitioner filed objections to the Report and Recommendation. Docket No. 8. The Court reviews the objected-to portions of the Report (Docket No. 3) *de novo*. FED. R. CIV. P. 72(b).

  Petitioner asserts his federal sentence has been improperly calculated. He states that he has been improperly denied credit towards his federal sentence for the period beginning on December 14, 2017, the date the Criminal District Court of Tarrant County, Texas, sentenced him to 8 years of imprisonment, and ending on November 18, 2018, the day before his federal sentence was imposed. *See* Docket No. 8.

  The Magistrate Judge concluded Petitioner's federal sentence has been properly calculated. Relying on *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980), the Magistrate Judge found

that while the federal sentencing court stated the federal sentence was to be served concurrently with the state sentence, a federal court lacked the authority to run a federal sentence absolutely concurrent with another sentence. Docket No. 3 at 3. The Magistrate Judge also found Petitioner was not entitled to credit under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), because that case did not authorize credit for time spent in state custody prior to the imposition of a federal sentence. *Id.* at 3–4.

In his objections, Petitioner first cites the language in § 5G1.3(b)(2) of the United States Sentencing Guidelines providing that "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Docket No. 8 at 1–2. However, § 5G1.3(b) provides that the quoted language only applies if the undischarged term of imprisonment was the result of another offense that was relevant conduct to the federal crime. Petitioner does not contend that his conviction from Tarrant County was relevant conduct to his federal offense. *See* Docket No. 8.

Petitioner also relies on 18 U.S.C. § 3585(b) which states that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Docket No. 8 at 2. However, the subsection goes on to provide that this language is only applicable if the time spent in official detention was not credited against another sentence. *See* 18 U.S.C. § 3585(b). Petitioner does not dispute that he received credit towards his state sentence for the time he contends should be credited towards his federal sentence.

Having made a *de novo* review of the written objections filed by Petitioner in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct.

For the reasons set forth above, Petitioner's objections (Docket No. 8) are **OVERRULED**.

The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court hereby

**ADOPTS** the Report (Docket No. 3) as the opinion of the Court.  It is further

**ORDERED** that this petition for writ of habeas corpus is **DENIED**.

A final judgment shall be rendered in accordance with the Magistrate Judge's recommendation.

IT IS SO ORDERED.

**SIGNED this 22nd day of April, 2022.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE